FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2005 AUG 19 AM 9: 21

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 305-006 |
| | ) | |
| TIMOTHY WELLS | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

In the above-captioned criminal case, the government has accused Defendant Timothy Wells of possession of cocaine with intent to distribute and of being a felon in possession of a firearm. The matter is now before the Court on Defendant's motion to suppress. (Doc. no. 8). For the reasons developed below, the Court **REPORTS** and **RECOMMENDS** that the motion to suppress be **DENIED**.[1]

---

[1] Defendant did not ask for an evidentiary hearing, and based on the papers filed, the Court finds no reason for holding one. That is, the decision to grant or deny a request for an evidentiary hearing on a motion to suppress is left to the Court's discretion. United States v. Cooper, 203 F.3d 1279, 1285 (11th Cir. 2000); United States v. Sneed, 732 F.2d 886, 888 (11th Cir. 1984) (*per curiam*). "[A] criminal defendant has no absolute or presumptive right to insist that the district court take testimony on every motion." United States v. Lewis, 40 F.3d 1325, 1332 (1st Cir. 1994) (affirming denial of a motion for evidentiary hearing on motion to suppress) (citation omitted). A district court should grant a request for an evidentiary hearing when the moving papers, including the affidavits, are "sufficiently definite, specific, detailed, and nonconjectural, to enable the court to conclude that a substantial claim is presented." United States v. Richardson, 764 F.2d 1514, 1527 (11th Cir. 1985) (quoting United States v. Poe, 462 F.2d 195, 197 (5th Cir. 1972)).

Here, as discussed in Part II.B, *infra*, the moving papers do not establish that a substantial claim is presented.

I.   **FACTS**

On June 15, 2004, Investigator Chris Brewer with the Laurens County Sheriff's Office applied for two search warrants via affidavit in the Magistrate Court of Laurens County. Among other things, the affidavits in support of the search warrants alleged that on two occasions between June 10, 2004 and June 15, 2004, Investigator Brewer made two controlled purchases of crack cocaine using "Source 1," the confidential informant in this case, at the locations identified in the search warrants.[2] (Doc. no. 10, Attach.). The affidavits also explained that Investigator Brewer's employment in law enforcement dated back to 1991, and his career included conducting, assisting or leading approximately 1,000 drug investigations for violations of Georgia's drug statutes relating to, *inter alia*, cocaine, marijuana, methamphetamine, and prescription drugs, in deciding to make applications for these warrants. (Id.). Investigator Brewer also recounted in his affidavit his familiarity with Defendant, Defendant's son, and the locations in the search warrant based on prior narcotics investigations. (Id.). Through Investigator Brewer's independent investigation, he also matched the description of locations in the warrants with the description provided by "Source 1," and a check of property records revealed that the identified locations were listed in the names of Defendant (987 Boiling Springs) and a man with the same last name as Defendant (986 Boiling Springs) who used Defendant's 987 Boiling Springs address for a mailing address. (Id.). Finally, the warrant application also included details of Defendant's extensive

---

[2]According to Defendant, "Source 1" was not present when Investigator Brewer made his application to the Magistrate, and thus, "the identity, prior history, etc. of 'Source 1' was never presented." (Doc. no. 8, p. 1).

2

criminal history of involvement with possession of weapons and possession and distribution of drugs, including cocaine and marijuana. (Id.).

## II. ANALYSIS

### A. Failure to Comply with Local Rules

Without even reaching the merits of the motion, it is subject to summary denial because it was not filed in compliance with the Court's Local Rules. Specifically, under Loc. Crim. R. 12.1:

> Unless otherwise ordered by the Court, every motion filed in a criminal proceeding shall be accompanied by a memorandum of law citing supporting authorities. Every factual assertion in a motion, response, or brief shall be supported by a citation to the pertinent page in the existing record or in any affidavit, discovery material, or other evidence filed with the motion. Where allegations of fact are relied upon that are not supported by the existing record, supporting affidavits shall be submitted.

Here, there was no supporting memorandum of law citing supporting authorities or a supporting affidavit. The motion consists of little more than the stringing together of conclusory assertions about what the Magistrate who issued the warrant did or did not know at the time Investigator Brewer applied for the warrants and a declaration that Defendant's constitutional rights were violated. Accordingly, the motion should be **DENIED** for failing to comply with the Local Rules. See, e.g., United States v. Farese, 451 F.2d 564, 566 (5th Cir. 1971) (finding no error in denial of criminal pre-trial motions for failing to comply with local rules).

### B. Probable Cause Properly Established

Even if the motion had been properly filed, there is no merit to Defendant's arguments. Defendant argues that Investigator Brewer did not provide the Magistrate with

enough information about who or what "Source 1" is to allow the Magistrate to properly find that probable cause existed to issue a warrant. He also argues that the information was stale because five days had elapsed since the alleged illegal conduct of Defendant and the issuance of the warrant.[3]

Whenever a search warrant application is presented to a judicial officer, the judicial officer must

> make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit. . . , including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.

Illinois v. Gates, 462 U.S. 213, 238 (1983). Also, sufficient information must be presented to the judicial officer to allow for the exercise of independent judgment; the judicial officer cannot simply ratify the conclusions of others. Id. at 239. In this circuit, however, a court reviewing the decision of a judicial officer concerning the existence of probable cause gives "[g]reat deference" to that determination. United States v. Gonzalez, 940 F.2d 1413, 1419 (11th Cir. 1991). Furthermore, "probable cause is a fluid concept turning on the assessment of probabilities in particular factual contexts[.]" Gates, 462 U.S. at 232. To avoid "rigid" legal rules, Gates changed the "two-pronged test" of Aguilar v. Texas, 378 U.S. 108, 114 (1964) into a totality of the circumstances test. Gates, 462 U.S. at 230-35. Under the Gates totality of the circumstances test, the "veracity" and "basis of knowledge" prongs of Aguilar are not accorded independent status as means for assessing the usefulness of an informant's

---

[3]Defendant argues that this five-day lapse of time resulted in the Magistrate having "NO INFORMATION" to determine whether contraband would still be at the same location. (Doc. no. 8, p. 2).

4

tips. "[T]hey are better understood as relevant considerations in the totality of the circumstances analysis that traditionally has guided probable cause determinations: a deficiency in one may be compensated for by a strong showing as to the other[.]" Id. at 233. Under the "totality of the circumstances" test, there is no rigid demand that specific tests be satisfied before an informant's tip can be relied on. Id. at 230-31. Thus, "the duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for . . . conclud[ing]' that probable cause existed." Cauchon v. United States, 824 F.2d 908, 911-12 (11th Cir. 1987) (citing Gates, 462 U.S. at 238-39).

Here, upon examination of the totality of the circumstances, the Court easily concludes that regardless of what other information the Magistrate may or may not have had about "Source 1," he had a substantial basis for concluding that probable cause existed based on the information that Investigator Brewer had utilized "Source 1" to make controlled purchases of "crack" cocaine at the locations identified in the warrants. As the government succinctly summarized: "There is no stronger evidence that the defendant was storing and selling cocaine from his residence and the residence across th[e] street than a controlled purchase of cocaine from the defendant at the location of the search warrants." (Doc. no. 10, p. 4).

As to the "staleness" of the information, there is no "talismanic rule which establishes arbitrary time limitations for presenting information to a magistrate," and each case must be based on the specific facts presented. United States v. Harris, 20 F.3d 445, 450 (11th Cir. 1994). When making this case-by-case determination, courts "may consider the maturity of the information, nature of the suspected crime (discrete crimes or ongoing conspiracy), habits

5

of the accused, character of the items sought, and nature and function of the premises to be searched." Id. Moreover, in the Eleventh Circuit, "when the tip describe[s] a continuous course of illegal conduct, and the magistrate [is] not restricted to only the knowledge gained from the informant, a tip as old as six months" has been considered timely. Cauchon, 824 F.2d at 911 (citing United States v. Williams, 603 F.2d 1168, 1172 n.4 (5th Cir. 1979)); see also Harris, 20 F.3d at 450-51 (finding no "staleness" problem where most information described in affidavit occurred over two years before warrant application but affidavit described "longstanding and protracted criminal conspiracy" that had been documented in interviews with confidential informants and identified/investigated with reliance on warrant applicant's personal experience as a law enforcement officer).

Here, Investigator Brewer had worked with "Source 1" to effect two controlled buys of "crack" cocaine within a period of the five days immediately preceding issuance of the warrants at the locations identified in the search warrants. (Doc. no. 10, Attach.). Investigator Brewer also relied on his law enforcement experience of approximately thirteen years, which included conducting, assisting or leading approximately 1,000 drug investigations for violations of Georgia's drug statutes relating to, *inter alia*, cocaine, marijuana, methamphetamine, and prescription drugs. (Id.). Moreover, Investigator Brewer recounted in his affidavit his familiarity with Defendant, Defendant's son, and the locations in the search warrant based on prior narcotics investigations. (Id.). Through independent investigation, Investigator Brewer also matched the description of locations in the warrants with the description provided by "Source 1," and he checked county property records to match the locations with Defendant and a man with the same last name as Defendant who

used Defendant's residence for a mailing address. (Id.). Finally, the warrant application also included details of Defendant's extensive criminal history of involvement with possession of weapons and possession and distribution of drugs, including cocaine and marijuana. (Id.).

Thus, the affidavits described not only continuing illegal conduct in the five days immediately preceding issuance of the warrants, but also contained information other than these two very recent purchases at the locations identified in the warrants to the support the Magistrate's conclusion that sufficient probable cause existed. In sum, the age of the information about the controlled purchases did not undermine the finding of probable cause. To quote the Williams court, "After considering the totality of the averments in the affidavit and the practical inferences that may be drawn from them, it would have been surprising indeed had the magistrate refused to issue the warrant." Williams, 603 F.2d at 1172.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the motion to suppress be **DENIED**.

SO REPORTED and RECOMMENDED this 19th day of August, 2005, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

# United States District Court
## *Southern District of Georgia*

UNITED STATES OF AMERICA     \*

            vs.     \*     CASE NO. CR305-006

TIMOTHY WELLS     \*

                                 \*

                                 \*

The undersigned, a regularly appointed and qualified deputy in the office of this Clerk of this District, while conducting the business of the Court for said Division does hereby certify the following:

1. Pursuant to instructions from the court, and in the performance of my official duties, I personally placed in the U.S. Mail a sealed envelope bearing the lawful frank of the Court, and properly addressed to each of the persons, parties or attorneys listed below; and

2. That the aforementioned envelope(s) contain a copy of the documents known as Rpt & Recomm dated 8/19/05, which is part of the official records of this case.

Date of Mailing: 8/19/05
Date of Certificate: 8/19/05

SCOTT L. POFF, CLERK

By _____

NAME:
1. Timothy Wells
2. Jud Green, IV
3. 
4. 
5. 
6. 
7. 

Cert/Copy
- ☐ ☐ District Judge
- ☐ ☒ Magistrate Judge
- ☐ ☐ Minutes
- ☐ ☐ U.S. Probation
- ☐ ☐ U.S. Marshal
- ☐ ☒ U.S. Attorney
- ☐ ☐ JAG Office

Cert/Copy
- ☐ ☐ Dept. of Justice
- ☐ ☐ Dept. of Public Safety
- ☐ ☐ Voter Registrar
- ☐ ☐ U.S. Court of Appeals
- ☐ ☐ Nicole/Debbie
- ☐ ☐ Ray Stalvey
- ☐ ☐ Cindy Reynolds